IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTONIO DAVIS,

    Petitioner,

vs.                                CIVIL ACTION NO.: CV211-116

ANTHONY HAYNES, Warden,
and BUREAU OF PRISONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Antonio Davis ("Davis"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Davis filed a Traverse. For the following reasons, Davis' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Davis was sentenced by this Court to 178 months' imprisonment following his conviction for possession with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 6-1, p. 2). In the instant petition, Davis seeks injunctive and declaratory relief. Specifically, Davis seeks an order directing the Bureau of Prisons to officially designate the Nuwaubian religion as authorized to practice. Davis argues that his Constitutional rights have been violated due to (1) the denial of his request to have his religious preference changed to the Nuwaubian faith and (2) the denial of his request for authorized chapel privileges for those who practice

the Nuwaubian faith. Respondent contends that Davis' petition should be dismissed as improperly brought pursuant to § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

Davis asserts violations of his rights under the First and Fifth Amendments to the United States Constitution as a result of alleged "Deprivation and Discrimination of his Religious Rights." (Doc. No. 8, p. 5). He seeks injunctive relief in the form of an order directing the Bureau of Prisons to officially designate the Nuwaubian religion as authorized to practice. (Doc. No. 1, p. 3). Additionally, Davis asks the Court to "declare what [his] legal rights are pursuant to damages for the religious persecution against his Nuwaubian faith." Id. Davis does not attack the legality of his conviction or sentence,

2

and he does not request relief in the form of immediate or expedited release from confinement. Consequently, Davis' claims do not fall within the ambit of a habeas corpus petition. Davis' civil rights claims would appropriately be brought in an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Davis' § 2241 petition be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 5th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE